NORRIS, Judge.
This is an appeal from a judgment granting Peggy Candler’s action to annul a default judgment of divorce between Mrs. Candler and her former husband, William Edward Candler. The issue before the court was whether Mr. Candler obtained the default judgment of divorce by “fraud or ill practices” under LSA-C.C.P. art. 2004. The trial court found that Mr. Candler testified falsely in confirming the default judgment by stating that he and his wife had lived separate and apart without reconciliation for one year; consequently, it held that he perpetrated a fraud on the court and annulled the divorce under C.C.P. art. 2004. Mr. Candler filed a motion for a new trial and a post trial exception of no cause of action; both were denied by the court. From these judgments, Mr. Candler appeals, asserting in essence that the trial court committed manifest error. Mrs. Candler did not file a brief. For the following reasons, we reverse and remand.
Mr. and Mrs. Candler were married in 1971. Mrs. Candler testified that she and Mr. Candler first talked about a divorce in late April, 1988. Mr. Candler wanted a divorce and Mrs. Candler eventually agreed to let him have one. Prior to May 25,1988, Mr. Candler brought the divorce papers to Mrs. Candler; she made corrections and he took them back and had them retyped. On May 25, Mr. Candler delivered Mrs. Candler the corrected petition requesting a divorce based on living separate and apart without reconciliation for one year. The petition stated that the parties had been physically separated since May 15, 1987. Attached to the petition was a joint custody plan of implementation, which was later signed by both parties. Mrs. Candler read the petition and testified that she “just decided to do it.” She testified that she took the papers to her parents’ house and discussed the matter with them. Mr. Candler asked her to come to his attorney’s office the following day and sign an affidavit accepting service and waiving citation and all legal delays as allowed by LSA C.C.P. art. 1701. The next day, Mrs. Candler went to his attorney’s office, read the affidavit and signed it. Mr. Candler filed the waiver and obtained the preliminary default on May 26, the same day as he filed the petition and custody plan. On June 2, the default judgment was confirmed. Mr. Candler and Charles Loftin apparently testified at the confirmation hearing that the Candlers had been separated without reconciliation since May 15, 1987. The default judgment also granted the parties joint custody of thé children and awarded Mrs. Candler $100 per month per child ($200 total) in child support. Shortly after the confirmation of the judgment, Mr. Candler married Nancy Bison.
On July 25, 1988, Mrs. Candler filed a motion to annul the judgment of divorce against Mr. Candler only. She later amended her petition to request a divorce in the event her annulment was granted. The trial on the annulment action was held on November 17, 28, and 30, 1988. The court was asked to consider two issues: (1) whether Mr. Candler committed perjury to the court in the confirmation hearing by testifying that he had lived separate and apart from his wife for one year and (2) whether Mrs. Candler received a certified copy of the petition of divorce before she signed the affidavit waiving acceptance of service of process. In its judgment signed December 1, 1988, the trial court stated that though the evidence as to compliance with C.C.P. art. 1701 was conflicting, there was substantial compliance. However, the court found that Mr. Candler testified falsely at the confirmation hearing and therefore perpetrated a fraud on the court. The court annulled the default judgment of divorce under C.C.P. art. 2004. By annulling the judgment of divorce, the trial court also annulled its accessories, including the joint custody plan and child support award.
On December 7, 1988, Mr. Candler filed a motion for a new trial and an exception of *263 no cause of action. A hearing on the motion and exception was held on January 5, 1989. Mr. Candler contended that Mrs. Candler failed to show a valid and sufficient reason for her failure to appear and defend the original divorce action. The court overruled the exception and denied the motion for a new trial. It reaffirmed its original holding that Mr. Candler perpetrated a fraud on the court and on Mrs. Candler and commented that by deceit he prevented her from appearing and responding to the divorce suit.
Our own research has revealed an issue that was not raised by the parties but requires a reversal and remand. The trial court rendered judgment without considering the rights of Nancy Bison, Mr. Candler’s second wife. An indispensable party is one whose interests in the subject matter .are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. There can be no adjudication of an action unless all the indispensable parties have been joined. LSA-C.C.P. art. 641. The lack of an indispensable party may be noticed by the appellate court on its own motion. LSA-C.C.P. art. 645. It is clear that the relief sought (and granted by the trial court) would invalidate Ms. Bison’s marriage to Mr. Candler. She is therefore an indispensable party and must be joined in the lawsuit. See Glasscock v. Glasscock, 405 So.2d 684 (La.App. 3d Cir.1981), and citations therein. The interests of justice require that this matter be remanded to the trial court for the joinder of the indispensable party and for the reception of further evidence in accordance with LSA-C.C.P. art. 646.
In accordance with the reasons set forth above, the judgment of the trial court granting Mrs. Candler’s action to annul the judgment of divorce is reversed, and this action is remanded to the trial court for the amendment of the petition to join Ms. Bison as a party and for receipt of further evidence in light of the amendment. Costs of this appeal are assessed equally to both parties.
REVERSED AND REMANDED.