WALTZER, Judge.
This is an appeal from a December 2, 1991 judgment of the Civil District Court for the Parish of Orleans, confirming the disinherison of Pamela J. Lassiter by her decedent natural father Billy J. Lassiter. From that judgment, Pamela Lassiter appeals.
Billy J. Lassiter was married twice, first to Gloria Click by whom he had two children, Pamela Jean and Glendon K. Lassi-ter. Secondly he was married to Margie Hauck by whom he had no children.
On July 25,1944, Billy K. Lassiter’s written acknowledged consent to the adoption of Pamela J. Lassiter by Hobson P. and Nora L. Lassiter was made part of the adoption decree rendered in the Circuit Court of Wetzel County, West Virginia. The adoption decree included the following language:
“Whereupon, it is adjudged that from the date of this decree, the rights, duties, privileges and relations heretofore existing between Pamela Jean Lassiter and her mother, Gloria Click Lassiter, and her father, Billy Gene Lassiter, shall in all respects, be at an end, except the right of inheritance; and that the rights, duties, privileges and relations between the said Pamela Jean Lassiter and Hobson P. Lassiter, father by adoption, are and shall henceforth, in all respects be the same, including the right of inheritance, as if the said child had been born to the said adopted parents in lawful wedlock ...”
On February 11, 1969, Billy Lassiter con-fected a will which provided in part:
“I have been married twice: first to Gloria Click, from whom I was divorced in 1952. Of this first marriage, two children were born: Pamela J. Lassiter and Glendon K. Lassiter. Secondly, I married Margie Hauck and of this marriage no children were born. I never had any other children and I never adopted anyone, nor was I ever adopted by anyone ... In accordance with Article 1621 of the Revised Civil Code of the State of Louisiana, I hereby disinherit my daughter by first marriage, Pamela J. Lassiter, *943 for the following reasons: when my daughter, Pamela J. Lassiter, was a minor, she married without my consent. Generally, my daughter, Pamela J. Lassi-ter, has caused me grievous injury by her conduct, her encounters with the law, and her criminal prosecution and imprisonment ...”
Billy Lassiter died on September 11,1990 with the above quoted will still in effect. On May 21, 1991 the widow Margie Hauck was appointed Executrix. The will was probated on May 23, 1991. On June 19, 1991 the Executrix filed a petition seeking to confirm the disinherison of the natural legitimate child Pamela J. Lassiter and a curator ad hoc was appointed to represent an absent Pamela Lassiter. On August 12, 1991, the curator filed a note of evidence indicating that he had located the absent Pamela Lassiter. On August 13, 1991 a notice of appearance was filed by private counsel hired by Pamela Lassiter to represent her interests. A hearing on the petition was scheduled for October 25, 1991. On that date, counsel for Pamela Lassiter filed exceptions of res judicata and no right of action. Pre-hearing memos were filed by both sides and after a hearing held on November 22, 1991, the trial court found in favor of the Executrix, confirming the disinherison of Pamela Lassiter. The judgment in conformity therewith was signed on December 2, 1991 and Pamela Lassiter perfected her appeal therefrom.
Appellant raises essentially two specifications of error before this court, namely, the trial court erred in failing to address appellant’s exceptions of res judicata and no right of action and the trial court erred in failing to find that the decedent gave up his legal right to disinherit appellant when he surrendered her for adoption.
Initially turning to the second specification of error, appellant argued that the adoption decree quoted above which provided that “the rights ... shall in all respects, be at an end, except the right of inheritance” was res judicata on the issue of disinherison. Appellant likewise argues that Executrix Margie Lassiter’s right to confirm the disinherison is a derivative right that devolved upon her as the wife of the deceased and that because her husband lost the right to disinherit at the time of the adoption, that right could not devolve upon her.
R.S. 13:4231 provides in part that “a valid and final judgment is conclusive between the same parties ...” The parties to the West Virginia adoption decree were Hobson, Nora, Billy, Gloria and Pamela Lassiter. The parties to the disinherison action are Pamela Lassiter and Margie Hauck Lassiter. The same parties are not involved in the two proceedings, hence the exception of res judicata should have been denied.
Turning to the exception of no right of action, Margie Lassiter’s right to bring the action in confirmation of disinherison did not devolve upon her as a right through her husband, but rather is a duty imposed on her as Executrix under C.C.P. Article 3191. C.C.P. Article 3191 provides in part that “(a) succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law ...” Accordingly, the exception of no right of action should have been denied.
Appellant’s third specification of error is that a consent to an adoption acts as a waiver of a right to disinherit. Appellant has not cited any statutes or caselaw in support of this proposition. The preservation of the natural child’s right to inherit from her natural parents does not preclude disinherison by the natural parents. After the adoption, causes may arise later which justify disinherison under C.C. Art. 1621. This argument is without merit.
C.C. Art. 1621 provides in part:
“The just causes for which parents may disinherit their children are twelve in number. There shall be a rebuttable presumption as to the facts set out in the act of disinherison to support these causes. These causes are, to wit:
*944 I. If the child has been guilty, towards a parent, of cruelty, of a crime or grievous injury.
>}: * * * * sis
10. If the son or daughter, being a minor, marries without the consent of his or her parents.
II. If the child has been convicted of a felony for which the law provides that the punishment could be life imprisonment or death.”
Additionally, Civil Code Article 1624 provides:
“The testator shall express in the will for what reasons he disinherited his forced heirs or any of them, and the forced heir so disinherited is obligated to prove that the cause stipulated for disin-herison did not exist or that he was reconciled with the testator after the act or circumstance alleged to constitute the cause for disinherison.”
Appellant Pamela J. Lassiter did not even attempt to refute the grounds of the disinherison. She could have provided affidavits and testimony indicating reconciliation if one ever occurred. She could have introduced copies of her criminal convictions and the text of the corresponding criminal statute, indicating that they were not felonies or that the crimes were not attempted against her parent, if these were the case. She could have introduced evidence that she was not a minor at the time of the marriage or that her parent later reconciled on the question of the marriage, if such were the cases. Pamela Lassiter did not even attempt to introduce any such proof. She did not even attempt to rebut the presumption, but relied solely on the adoption document. She failed to carry her burden of proof to rebut the presumption. Accordingly, the trial court correctly ruled against appellant on this issue.
For the reasons discussed, the judgment' of the trial court is affirmed.
AFFIRMED.