647 So.2d 461 (1994)
Brenda Gale Horton Harvill EBEY, Plaintiff-Appellee,
v.
Randall Lee HARVILL, Defendant-Appellant.
No. 26,373-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*462 Fischer & McMahon by Timothy R. Fischer, Shreveport, for appellant.
Daye, Bowie & Beresko by Alfred R. Beresko, Shreveport, for appellee.
Before SEXTON, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this paternity action, Randall Lee Harvill appeals a judgment declaring him the biological father of Nicole McDonald and ordering the payment of child support to the minor's mother, Brenda Gale Harvill Ebey, plaintiff-appellee. We vacate the adjudication and remand for further proceedings.

BACKGROUND
Plaintiff gave birth to Nicole on September 12, 1980. Although the mother had been engaged in an illicit relationship with Harvill near the time of conception, she continued her marriage with Ronald L. McDonald until April 30, 1981. On that date, their divorce judgment awarded custody of the infant to Brenda and ordered McDonald, the legal father[1] *463 who apparently believed himself to be the biological parent, to pay $150 per month in child support. That decree also granted him visitation rights.
Brenda married Harvill shortly thereafter; however, that union terminated on May 16, 1991. In petitioning for her second divorce, plaintiff asserted that "[n]o children were born of the marriage" between her and appellant. Nonetheless, the subsequent adjudication remained silent concerning any paternity issue, while simply discontinuing the marriage and restoring appellee's use of her maiden name.
On April 8, 1992, plaintiff (who later married Doug Ebey) filed the instant paternity action to establish Harvill as Nicole's biological father and secure child support. Appellant asserted various exceptions, including res judicata and the failure to join McDonald as an indispensable party. The trial judge later overruled the res judicata objection, but deemed the presumed father an indispensable party to any proceedings beyond the ordering of a blood test.[2] Even so, while plaintiff never amended the petition to add her first husband, the matter proceeded to judgment.
The evidence at trial consisted of testimony by Brenda and Harvill, along with blood test results showing a strong probability of his genetic link with the minor. At the conclusion of proceedings, the district judge decreed appellant to be the biological father and ordered him to pay $295 per month in child support, retroactive to the date of judicial demand. This appeal ensued.

DISCUSSION

Res Judicata
In his first assignment of error, appellant contends his plea of res judicata should have been sustained. We disagree.
LSA-R.S. 13:4231 provides the general principles concerning the concept of res judicata in Louisiana civil actions filed on or after January 1, 1991.[3] Exceptions to the doctrine are provided in LSA-R.S. 13:4232. Of particular importance here, LSA-R.S. 13:4232(B) provides that "the judgment [in a divorce action] has the effect of res judicata only as to causes of action actually adjudicated." Thus, in domestic proceedings, the legislature has chosen to retain the otherwise repealed civilian theory of res judicata. Cf. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978), explaining that only matters "actually litigated and finally adjudged" may not be contradicted later.
The party urging res judicata must prove each of its essential elements by a preponderance of the evidence. Greer v. State, 616 So.2d 811 (La.App. 2d Cir.1993). Any doubt as to the applicability of the doctrine results in the action being maintained. Id.; State Dept. of Social Services v. Matthews, 615 So.2d 1112 (La.App. 5th Cir.1993).
*464 An identification of issues actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. Lamana v. LeBlanc, 526 So.2d 1107 (La.1988); Greer, supra; State, Dept. of Social Services, supra. Furthermore, an issue presented by pleadings in a cause, but eliminated from the ultimate judgment, cannot, without more, be invoked in support of a plea of res judicata. Lamana, supra; Greer, supra. Where the court remains silent on an issue so presented in an earlier case, only matters explored by the evidence will be considered "actually litigated and finally adjudged." See R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La. 1980); Sewell, supra.
Here, plaintiff's earlier petition for divorce from Harvill directly asserted: "No children were born of petitioner's marriage to defendant." Thus, although the ensuing uncontested judgment is silent regarding children, appellant contends that the mother's written denial of any offspring from the union serves to bar, on res judicata grounds, the subsequent claim of paternity. The argument lacks merit, however.
With respect to the earlier divorce proceedings, the record before us contains only the petition and judgment. Hence, in the absence of a showing that evidence came forth at that juncture concerning paternity, Harvill has not established an actual adjudication of the issue as required by LSA-R.S. 13:4232(B). Nor are we convinced that a paternity determination would have been essential to the final judgment in the prior proceedings. Cf. State, Dept. of Social Services, supra (previous divorce judgment, stating no children had been born of the marriage, inadequate to sustain res judicata exception on issue of paternity); Lyons v. Fontenot, 344 So.2d 1068 (La.App. 3d Cir. 1977) (earlier divorce judgment, granting custody and child support as to one child only, did not substantiate res judicata plea in paternity action by a second minor).
The present litigation concerns a minor's filiation with her biological parent. The concept of res judicata should be rejected when doubts exist as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. Mavromatis v. Lou-Mar, Inc., 93-0379, 93-1212 (La.App. 4th Cir. 2/11/94), 632 So.2d 828.[4]

Indispensable Party
Appellant additionally asserts that the judgment should be vacated as a consequence of the failure to add an indispensable party, viz., the legally recognized and presumed father of the minor. We agree.
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined. LSA-C.C.P. Art. 641. Any judgment rendered without the presence of such a party is a nullity. Ebey v. So. Health Benefit Found., 377 So.2d 421 (La.App. 2d Cir.1979). Furthermore, the failure to join an indispensable party may be noticed by an appellate court on its own motion. LSA-C.C.P. Arts. 645, 927.
A party should be deemed indispensable only when it is necessary to protect substantial rights. State, Dept. of Hwys. v. Lamar Advertising Co., Inc., 279 So.2d 671 (La.1973). Still, when an action seeks to declare another man the biological father of a presumed parent's legitimate child, equity demands that the presumed father be made a party to the action. Finnerty v. Boyett, 469 *465 So.2d 287 (La.App. 2d Cir.1985). The supreme court's recognition of dual paternity in Smith v. Cole, 553 So.2d 847 (La.1989), concerned only a biological father's exception of no cause of action and did not address whether the legal father must be joined. Instead, that opinion expressly pretermitted any discussion of the rights and obligations of the legal father. Further, we continue in the view that any finding of dual paternity necessarily affects the presumed father's substantial rights and interest. Finnerty, supra. See also Nelson v. Burkeen Constr. Co., 605 So.2d 681 (La.App. 2d Cir.1992); Candler v. Candler, 556 So.2d 261 (La.App. 2d Cir.1990). Consequently, McDonald must be made a party to the present proceedings and allowed to protect his rights.[5]
We accordingly vacate the judgment and remand the case for amendment of the petition to join the indispensable party, and for further evidence.

Other Assignment of Error
Harvill also complains of the trial court's failure, when calculating the biological father's alimentary obligation, to consider the child support order rendered against McDonald in the 1981 divorce decree. We decline, however, to now address that subject. The issue, which is inextricably intertwined with the rights of the presumptive father, should be reevaluated in light of his entry into the suit and any claims arising therefrom.

CONCLUSION
For these reasons, although concluding that the trial court correctly overruled defendant's exception of res judicata, we vacate the challenged judgment due to the absence of an indispensable party. The case is remanded to the trial court for the joinder of Ronald L. McDonald and receipt of further evidence. Additionally, in the course of appropriate proceedings, the trial court should allow any party to assert legal rights or claims which may arise as a result of the addition of the presumptive father. Costs of this appeal are assessed equally to appellant and appellee.
REVERSED AND REMANDED.
NOTES
[1] The husband of the mother is presumed to be the father of all children born or conceived during the marriage, unless he files an action for disavowal within 180 days after he has learned or should have learned of the birth of the child. LSA-C.C. Arts. 184, 189. Although suspicious that the child could be Harvill's, McDonald never brought such an action.
[2] Appellee, in brief, contends that the trial court failed to rule on either exception. However, the supplemental transcript in the record shows that, at a hearing on August 22, 1993, the district judge issued a reasoned decision on both objections.
[3] Acts 1990, No. 521 effected a substantial change in the defense of res judicata in Louisiana. LSA-R.S. 13:4231 now provides:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment;
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action;
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
[4] We also observe that plaintiff individually filed the present action, but eventually substituted herself as natural tutrix, after so qualifying. Arguably, this reflects that the plaintiff parties are different in the two proceedings, and provides another basis for overruling the res judicata plea. See Succession of Lassiter, 612 So.2d 941 (La. App. 4th Cir.1993). But cf. O'Bannon v. Azar, 506 So.2d 522 (La.App. 1st Cir.1987), writ denied, 511 So.2d 1158 (La.1987), rejecting the notion that an identity of parties did not exist where a minor's filiation and child support rights had been asserted first by the mother, in her own name, and then later in an action by a tutor. See also State, Dept. of Social Serv. v. Coleman, 616 So.2d 844 (La.App. 3d Cir.1993). Of course, Brenda's earlier divorce petition did not allege, but instead disclaimed, paternity with respect to the second husband.
[5] Although plaintiff failed to amend her petition appropriately, she now argues that defendant somehow waived the addition of the legal father by not reurging, before trial, the previously sustained exception. We fail to appreciate, however, any manner in which Harvill could waive McDonald's right to be joined in the litigation. Furthermore, as previously mentioned, this court can notice the absence of an indispensable party on its own motion. LSA-C.C.P. Art. 645.