808 So.2d 673 (2001)
Kelli Terrell PATIN
v.
Cedric D. PATIN.
No. 2000 CA 0969.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
*674 Karen D. Downs, Baton Rouge, for Plaintiff-Appellee Kelli Terrell Patin.
Winston Decuir, Sr., Baton Rouge, for Defendant-Appellant Cedric D. Patin.
Before: FOIL, FOGG, and CLAIBORNE[1], JJ.
CLAIBORNE, J.
Cedric D. Patin appeals the judgment of the trial court granting Kelli Terrell Patin's exceptions of res judicata and no cause of action, and thereby dismissing his Petition to Enforce Marriage Contract and for Injunctive Relief.

FACTS AND PROCEDURAL HISTORY
On July 12, 1996, prior to the celebration of their marriage, Kelli Terrell Patin (Ms. Terrell) and Cedric D. Patin entered into a Marriage Contract and Agreement, wherein both parties renounced any community property regime and declared that they shall live under a separate property regime.
On July 13, 1996, Ms. Terrell and Mr. Patin were married. Two years later, on June 26, 1998, Ms. Terrell filed a Petition for Divorce. In her petition, Ms. Terrell requested that she be allowed to return to the matrimonial domicile accompanied by a sheriffs deputy, to retrieve her separate property. Her alleged separate property was listed on "Exhibit A" ("the property"), which was attached to, and made a part of the petition.
Mr. Patin was served with the petition and ordered to appear and show cause why the requested relief should not be granted on July 28, 1998. Mr. Patin did not appear at the hearing as ordered. Thereafter, on July 30, 1998, after due proceedings, the trial court rendered judgment on the rule and issued an order which, in part, stated:
"IT IS FURTHER ORDERED ADJUDGED AND DECREED that CEDRIC D. PATIN shall allow KELLI TERRELL PATIN and her agents access to said 12076 Beauverde Court, Baton *675 Rouge, LA at 9:00 a.m. on August 8, 1998, in order to pick up her separate property which is detailed on Exhibit "A", which is attached hereto and made a part hereof.
On August 10, 1998, Mr. Patin filed a Motion for New Trial contending that the "judgment appears clearly contrary to the law and the evidence." Ms. Terrell responded with a Motion to Dismiss and Motion for Sanctions and Attorney's Fees. At a hearing on the rule, attorneys for the parties stipulated to withdraw the motion for new trial and dismiss the motion for sanctions and attorney's fees with prejudice. A stipulated judgment was signed and filed into the record on October 13, 1998.
On January 4, 1999, Ms. Terrell filed a Rule to Show Cause for Divorce. Thereafter, on February 3, 1999, the trial court rendered a Judgment of Divorce in favor of Ms. Terrell and against Mr. Patin.
On December 2, 1999, Mr. Patin filed a petition to enforce the provisions of the marriage contract. In his petition, Mr. Patin alleged that Ms. Terrell removed items from the former matrimonial domicile that belonged to him. Attached to his petition, he included a list of disputed items and requested a trial, wherein he could put forth evidence to establish ownership of such items. He also sought to enjoin Ms. Terrell from selling items listed.
In response, Ms. Terrell filed exceptions of res judicata and no cause of action. She argued the issue of ownership of the property listed had already been addressed by the court and thus, Mr. Patin was precluded from bringing any further litigation on the ownership of these items.[2] Furthermore, she contended Mr. Patin failed to state a cause of action with regard to the request for injunctive relief, on the ground that the injunctions sought by Mr. Patin were community property remedies and, as such, unavailable to enforce his rights under a regime of separate property.
At a hearing on the exceptions, the trial court sustained both exceptions and dismissed Mr. Patin's suit. From this dismissal, Mr. Patin appeals.
In his sole assignment of error, Mr. Patin contends that the trial court erred in sustaining Ms. Terrell's Exceptions of Res Judicata and No Cause of Action, and thereby dismissing his petition to enforce a pre-nuptial agreement when the exceptions were based upon a Rule Nisi. Mr. Patin contends that ownership of property under a separate property agreement cannot be determined by a Rule Nisi, i.e., summary proceeding, but must be determined via ordinary process. He argues that the judgment on the rule and the order contained therein, allowing Ms. Terrell to return to her home to pick up property, only decided the incidental matter of "use" of the property and did not constitute a final judgment on the ownership of the property. He avers that in order to determine ownership of property under a marriage contract, a party must specifically raise the issue of ownership under the contract and present evidence or ownership via an ordinary proceeding.
In response to Mr. Patin's contention that the trial court erred in allowing Ms. Terrell's unauthorized use of summary proceedings, Ms. Terrell argues that Mr. Patin waived this objection by failing to urge it in a dilatory exception prior to or in his first pleading (his Motion for New Trial).

*676 RES JUDICATA
The general principles governing res judicata are now set forth in La. R.S. 13:4231, which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Additionally, the exceptions to the doctrine of res judicata are provided in La. R.S. 13:4232, which states, in pertinent part, that in a divorce action, "the judgment has the effect of res judicata only as to causes of action actually adjudicated." Under this civilian theory of res judicata, "only matters actually litigated and finally adjudged may not be contradicted later." Ebey v. Harvill, 26-373, p. 2 (La.App.2d Cir.12/7/94), 647 So.2d 461, 463.
The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Insurance Associates, Inc. v. Francis Camel Const., Inc., 95-1955, p. 3 (La.App. 1st Cir.5/10/96), 673 So.2d 687, 689. The concept should be rejected when doubt exists as to whether a plaintiffs substantive rights actually have been previously addressed and finally resolved. Tate v. Prewitt, 33-895, p. 4 (La.App.2d Cir.9/27/00), 769 So.2d 800, 803-804, writ denied, XXXX-XXXX (La.1/26/01), 781 So.2d 1265, 2001 WL 83963.
In this case, Ms. Terrell contends that the ownership of the property in question has previously been determined by the trial court, and Mr. Patin is barred from bringing any action as to ownership under the theory of res judicata. As the pleader of res judicata, Ms. Terrell bears the burden of proving that the issue of ownership of the disputed items has previously been adjudicated.
Ms. Terrell contends that because her petition for divorce alleged that the property was her separate property and Mr. Patin failed to object to this allegation, the judgment on the rule ordering the sheriff to accompany her to the former matrimonial domicile to "pick up her separate property" was a final judgment on the issue of ownership of the property.
Upon a thorough review of the record in this case, we find that the facts and circumstances presented do not come within the ambit of res judicata principles. The issue of ownership of the property has not previously been raised, considered, and decided by the trial court.
In her petition for divorce, Ms. Terrell prayed for a judgment ordering a sheriffs deputy to accompany her to the former matrimonial domicile in order for her to retrieve what she alleged to be her "separate property." Based upon this request, the trial court rendered judgment ordering the relief requested. Ms. Terrell did not pray for a determination of ownership of the property. Therefore, it does not appear that her petition raised the issue of ownership. "A plea of res judicata should not be sustained unless pleadings *677 and facts clearly justify its application." State, Dept. of Social Services, Office of Family Support, in Interest of Sterling v. Coleman, 616 So.2d 844, 847 (La.App. 3d Cir.1993). Any doubt as to the applicability of res judicata results in the action being maintained. Ebey, 26-373 at p. 2, 647 So.2d at 464.
Unaware of the existence of the regime of separate property and the dispute as to the ownership of the property, the trial court, by means of its judgment and order, appears to have decided only the incidental matter of use of the property pending the divorce. The judgment made no declaration as to the ownership of the property. Therefore, it does not appear that the issue of ownership of the property was either raised by Ms. Terrell in her petition, or decided by the trial court in its judgment.
In Mr. Patin's petition, he specifically prayed for a determination of ownership of the property. We find that there does not exist an identity between the thing demanded in Ms. Terrell's petition for divorce and the thing demanded in Mr. Patin's suit to establish ownership as required to support an exception of res judicata. We find that because the allegations contained in Mr. Patin's petition have not been previously raised, considered, and decided by the trial court, the Petition to Enforce the Marriage Contract was erroneously dismissed on an exception of res judicata.

NO CAUSE OF ACTION
While we agree that the community property remedies sought by Mr. Patin are unavailable to him under the regime of separation of property, we find that the trial court erred in dismissing Mr. Patin's claim for injunctive relief. Under La.Code Civ. P. art. 934, when the grounds of a peremptory exception may be removed by an amendment of the petition, the court must allow the plaintiff an opportunity to amend. Accordingly, Mr. Patin should have been allowed to amend his petition to state a cause of action for injunctive relief pursuant to La.Code Civ. P. arts. 3603 and 3610 or other conservatory writ.

CONCLUSION
Given the particular facts and circumstances in this case, we find that the trial court erred in sustaining the exception of res judicata. The trial court did not err in sustaining the exception of no cause of action; however, it erred in dismissing the claim for injunctive relief. For the foregoing reasons, the judgment of the trial court sustaining Ms. Terrell's exception of res judicata is reversed. As to the claim for injunctive relief, we affirm the judgment sustaining the exception of no cause of action. The case is remanded for further proceedings consistent with the views expressed herein. Further, we order that Mr. Patin be allowed to amend his petition to state a cause of action in accord with this opinion. Costs of this appeal are assessed to Ms. Terrell.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In addition to the items originally listed on "Exhibit A," Mr. Patin included nine additional items in his petition to determine ownership. Ms. Terrell's exception of res judicata was only urged as to those items listed on "Exhibit A."