STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-598

WILLIE JOHNSON, JR.

VERSUS

LASHARON HYPOLITE

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 02-64991
HONORABLE GERARD WATTIGNY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese,
Judges.

**AFFIRMED.**

Valerie Garrett
2014 W. Pinhook Road, Suite 503
Lafayette, Louisiana 70508
**COUNSEL FOR PLAINTIFF/APPELLANT**:
        Willie Johnson, Jr.

Peter C. Piccione, Sr.
115 E. Main Street
Lafayette, Louisiana 70501
**COUNSEL FOR DEFENDANT/APPELLEE**:
        Lasharon Hypolite

**GENOVESE, Judge.**

Plaintiff appeals the trial court's judgment sustaining Defendant's exception of res judicata and dismissing his disavowal claim. For the following reasons, we affirm.

<u>FACTS</u>

On August 21, 1994, criminal non-support proceedings were filed in the matter entitled "State of Louisiana Through The Department of Health and Human Resources v. Willie Johnson" in Docket Number 54,190 in St. Martin Parish, Louisiana. On August 24, 1994, a judgment was entered in those proceedings ordering the parties to appear on September 22, 1994, and submit to blood testing necessary for a determination of paternity. Lasharon Hypolite ("Lasharon"), the mother of the child, Destiny Hypolite ("Destiny"), failed to submit herself or the child for the test. Though Willie Johnson, Jr. ("Johnson") agreed to submit to blood testing, he failed to appear for same and failed to file responsive pleadings in the non-support proceedings. Consequently, on October 19, 1994, a default judgment was entered, which was later confirmed and made final on November 29, 1994, decreeing Johnson to be the biological father of Destiny.

Eight years later, on March 8, 2002, Johnson filed the present action against Lasharon wherein he sought to disavow paternity of the minor child and to have Lasharon held in contempt of court for her failure to undergo the prior court-ordered blood tests. Johnson asserted that paternity testing was subsequently done on himself and the minor child with the results of said testing excluding him as the biological father of Destiny. In March of 2002, according to Johnson's pauper application, Destiny was eight years old. In response, Lasharon filed an exception of res judicata asserting that Johnson's claim is barred by the doctrine of res judicata as a result of

1

the judgment of paternity dated November 29, 1994. Lasharon also asserts, in the alternative, that Johnson's claim is perempted.

## ASSIGNMENT OF ERROR

Plaintiff contends that the trial court erred in granting Defendant's exception of res judicata after the same trial court issued an order for a DNA test.

## LAW AND ARGUMENT

Johnson claims that the trial court erred in holding that the present action was barred by the doctrine of res judicata.

Louisiana Revised Statute 13:4231 provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The November 29, 1994 judgment of paternity was granted as a result of a criminal non-support matter instituted by the State of Louisiana entitled "State of Louisiana Through The Department of Health and Human Resources v. Willie Johnson" bearing Docket Number 54,190 in St. Martin Parish, Louisiana. In that proceeding, a hearing was scheduled on a rule for the State to show sufficient basis to proceed in the matter and for the court to order paternity blood testing. Johnson

2

waived his appearance at the scheduled hearing and voluntarily consented to paternity blood testing. Following the scheduled rule, a judgment was signed on August 24, 1994, ordering the alleged father, Willie Johnson, Jr., the minor child, Destiny Hypolite, and the mother of the child, Lasharon Hypolite, to appear and submit to blood testing. The documents from that suit, which are contained in the record before us, do not reflect that any paternity testing was done on any of the concerned individuals and that Johnson did not file any answer to those proceedings. Consequently, a preliminary default was entered on October 19, 1994, which was confirmed and made final on November 29, 1994, decreeing Willie Johnson, Jr. to be the biological father of Destiny. The content of the record before us indicates that said default judgment was obtained without any testimony of the concerned individuals and was apparently based on a notarial act of acknowledgment executed by Johnson in accordance with La.Civ.Code art. 203.

In 2002, Johnson filed the present suit to disavow paternity. In his petition, he averred that Lasharon failed to submit to the prior court-ordered testing. One form of relief sought by Johnson was for Lasharon to be held in contempt of court for not obeying the previous court order. Notably, Johnson's supplemental and amending petition alleges that he signed a notarial act of acknowledgment. The record reveals that following a hearing officer conference in this matter, the hearing officer found that Lasharon had not been located and that she had not submitted the child for DNA testing. It was, therefore, the recommendation of the hearing officer that a civil warrant be issued to seize the child for the purpose of conducting DNA testing. Such a warrant was issued by the trial court on August 5, 2004. On August 16, 2004, testing was conducted and a paternity evaluation report was issued on August 23, 2004 which documented the testing of Johnson and Destiny. Lasharon was not

3

tested. The paternity evaluation report, which is part of the present record, concludes that Willie Johnson, Jr. is not the father of Destiny.

This court previously reversed a trial court's denial of an exception of res judicata in a decision with very similar facts as in the case at bar. In *State, Department Of Social Services v. Coleman,* 616 So.2d 844 (La.App. 3 Cir. 1993), an action was brought by the State of Louisiana to establish paternity. The issue was whether or not the action was barred by a judgment rendered in a prior action brought by the mother to establish paternity and child support. Applying the principles of res judicata, we concluded that the requisite elements were met and the exception of res judicata should have been sustained. For the same reasons, we find in the instant litigation that the judgment of November 29, 1994 bars the present action to disavow paternity.

The trial court, in its written reasons for judgment, states in the alternative that Johnson's action is perempted by La.R.S. 9:305. Although this court need not address peremption given our affirmation of the granting of the exception of res judicata, we do note that Johnson is not of the class of persons to whom that statute applies. As explained by the supreme court in *Rousseve v. Jones*, 97-1149, pp. 4-5 (La. 12/2/97), 704 So.2d 229, 231, La.R.S. 9:305 applies only to "legal father[s]" which include "the husbands and former or subsequent husbands included in Articles 184-189." Johnson does not meet the definition of a "legal father." However, Appellant's rights are reserved to seek a rescission of his prior notarial act of acknowledgment in accordance with La.Civ.Code art. 206, which purportedly forms the basis of the November 1994 default judgment, and to pursue any other legal relief available to him as a result thereby, including an action to nullify the paternity judgment.

4

Considering the foregoing reasons, costs for this appeal are assessed against Plaintiff/Appellant.

**AFFIRMED.**