STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1354

ROY P. RICHE, JR.

VERSUS

FAYE THEVENOT RICHE

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2006-9067-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Rodney Marchive Rabalais
Rabalais  & Roy
P. O. Box 447
Marksville, LA 71351
(318) 253-4622
Counsel for Plaintiff/Appellee:
Roy P. Riche, Jr.

Susan Ford Fiser
Attorney at Law
P.O. Box 12424
Alexandria, LA 71315-2424
(318) 442-8899
Counsel for Defendant/Appellant:
Faye Thevenot Riche

**GREMILLION, Judge.**

Appellant, Faye Thevenot Riche, appeals the trial court's dismissal of her supplemental demand for partition of the community of acquets and gains against her former spouse, Roy P. Riche, Jr. For the reasons that follow, we affirm.

## FACTS

Mr. Riche filed for divorce in March 2006 pursuant to La.Civ.Code art. 103 after over 42 years of marriage to Ms. Riche. Ms. Riche answered the suit, averring that she had left the marital home in September 2005. She demanded interim spousal support and an order from the trial court granting her the use of a van purchased during the marriage, ordering Mr. Riche to produce financial records of his own and of his business, a sole proprietorship operating as Roy P. Riche Insurance Agency and enjoining Mr. Riche from damaging, disposing of or encumbering the property of the community. A judgment was rendered on July 7, 2006, and signed on August 14, 2006, ordering spousal support in favor of Ms. Riche, partitioning a portion of the community property, and reserving the remainder of the community for partition at a later date.

Ms. Riche filed her original petition for partition of the community property in August 2006. Pursuant to La.R.S. 9:2801, the parties were ordered to submit Detailed Descriptive Lists (DDL) within 45 days, and to file traversals of those lists within 60 days of their filing. Ms. Riche filed her DDL on September 20, 2006. That DDL contained a number of items and valuations, including the insurance agency.

Concurrent with the filing of the petition for partition, Ms. Riche issued written discovery to Mr. Riche, including interrogatories, requests for production and requests for admissions intended to ascertain and affix the value of the

insurance agency. Later, Ms. Riche caused subpoenae duces tecum to be issued to Mr. Riche requiring him to produce financial documents relating to the agency.

Mr. Riche failed to file a DDL until November 9, 2006, when Ms. Riche filed a motion to have hers deemed true and correct. His DDL did not list the insurance agency. He did file a traversal of Ms. Riche's DDL, in which he traversed her valuation of the agency.

In January 2008, the parties entered into a "Final Settlement of Community." That document was silent as to the disposition of the insurance agency. Ms. Riche received a number of movables, including $60,000.00 cash. Mr. Riche received a number of movables as well, including the balance in a Capital One bank account in the name of "Roy P. Riche, Jr., d/b/a Roy Riche Insurance."

Subsequent to the settlement, Ms. Riche retained new counsel. In January 2009, she filed a supplemental petition for partition, in which she asserted entitlement to her community portion of Mr. Riche's retirement from Baroid, Inc., $70,000.00 received from the sale of the community home; the proceeds of Cottonport Bank account 700004811; $115,436.00 withdrawn by Mr. Riche from two joint bank accounts in 2004; a $14,000.00 loan to Mr. Riche's brother; and the insurance agency, including business receipts of the agency from the date of termination of the community through trial. Mr. Riche responded with an exception of res judicata, asserting that Ms. Riche was attempting to relitigate matters concluded in the final settlement of January 2008.

At trial of the exception, Mr. Riche introduced, over the objection of Ms. Riche, correspondence between counsel that detailed the negotiations between counsel over her interest in the business. Ms. Riche objected to these on the grounds that they constituted offers of compromise and hearsay. The trial court

2

overruled her objections. The trial court ruled from the bench and maintained Mr. Riche's exception. From this judgment, Ms. Riche filed the current appeal.

## ASSIGNMENTS OF ERROR

Ms. Riche assigns as error:

(1) The trial court's maintaining the exception of res judicata and finding that the parties intended the partition to settle all community property and claims between them so as to foreclose her claim for one-half of the value of the insurance agency and also her claim for an accounting of the business income from the agency; and,

(2) The trial court's admitting and considering the offers of compromise between counsel, which she claims are inadmissible as offers of compromise under La.Code Evid. art. 408 and constitute inadmissible hearsay.

## ANALYSIS

Actions to partition community property are governed by La.R.S. 9:2801, et seq. Section 2801 provides that either spouse can initiate such an action by filing a motion for partition. Within 45 days of service of this motion, both sides are to submit detailed descriptive lists of all community property, the fair market value of the property, the location of each asset and all community liabilities. La.R.S. 9:2801(A)(1)(a). Within 60 days of service of the last detailed descriptive list, each party is to file a traversal or concurrence of the other's list. The traversal is then tried either as summary or ordinary procedure, at which the court is to determine the community assets and liabilities and the valuation of the assets. La.R.S. 9:2801(A)(2). The statute also prescribes rules under which the assets are to be partitioned.

In the present matter, the parties entered into a final settlement of the partition. The document provided:

Appearers further declared that they previously settled a portion of the community pursuant to Judgment on Rule rendered on July 7, 2006

3

and signed on August 14, 2006, and that they now desire to settle and liquidate the remainder of the community which formerly existed between them and they have agreed to settle the same in the following manner. . . .

and concluded, after a recitation of which property devolved to whom, with:

It is acknowledged by the parties that the net property and cash received by each, after deducting of liabilities assumed by either party, are equal.

The parties hereto do hereby fully acquit, release, discharge and relieve each other from any and all claims whatsoever of any nature and kind by their own separate and paraphernal estates against the former community of acquets and gains existing between the parties hereto and being partitioned herein, and against each other's separate and paraphernal estates. It is the intention of the parties hereto to lay at rest forever, finally, any and all claims they have against each other arising out of or existing during their marriage with respect to use, disposition, sale or transfer of any of their separate and paraphernal funds or property or the use of the community funds on or affecting same, whether same was by purchase, improvement, continuing payments on Mortgages, or otherwise, and the parties do hereby further acknowledge and declare that the property received by each, after deducting liabilities assumed by Roy P. Riche, Jr. is equal in value, that the property has been justly and equally divided without one receiving more in value than the other.

The parties declared that they have read this agreement and understand its contents, and that each is fully satisfied with its provisions. As a result thereof, the parties discharge each other from all other accounting to the community which formerly existed between them, said community being fully settled and liquidated as set forth above.

This agreement was made a judgment of the trial court by a separate judgment signed by the court on January 22, 2008.

Actions, including divorce, are instituted in Louisiana with the filing of a pleadings. La.Code Civ.P. art. 421. Among the limitations on the institution of proceedings is the notion that one must assert all causes of action arising from a transaction or occurrence that is the subject matter of the litigation. La.Code Civ.P. art. 425(A). This rule does not apply to divorce actions under La.Civ.Code arts. 102 and 103, incidental actions under La.Civ.Code art. 105 (custody, child

4

support, spousal support, injunctive relief, use and occupancy of the family home or community movables or immovables, or use of personal property), actions for spousal educational or training contributions, or actions for partition of community property. La.Code Civ.P. art. 425(B). Ms. Riche asserts that article 425(B) exempts the present matter from the application of res judicata. We disagree.

Article 425(B) applies to the institution of proceedings after the action for divorce is decided. The purpose is to clarify that a party instituting divorce proceedings is not required to include in that action her causes of action for these incidental causes of action. *Id.*, 1991 Comment. Article 425(B), therefore, allows Ms. Riche to file her initial demand for partition of community property; it does not, however, render her supplemental demand immune to an exception of res judicata. That doctrine is governed by other statutes.

Res judicata is codified in La.R.S. 13:4231, et seq. The essence of the doctrine is that a valid final judgment is conclusive between the parties, and all causes of action arising out of the transaction or occurrence that is the subject of the suit are extinguished and merged into a judgment in favor of the plaintiff, or are extinguished and merged into a judgment in favor of the defendant as to preclude subsequent action. This bars the subsequent relitigation of any issue that was actually litigated and determined if that determination was essential to the judgment. The supreme court has articulated a five-step test to determine whether res judicata attaches to a previous judgment:

(1) The judgment is valid;

(2) The judgment is final;

(3) The parties are the same, and appearing in the same capacities;

5

(4) The cause of action asserted in the second suit existed at the time of the judgment; and,

(5) The cause of action asserted in the second suit arose from the same transaction or occurrence that was the subject of the first litigation.

*Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049.

Section 4232 sets forth exceptions to the rule stated in section 4231. One of those exceptions involves actions for divorce, and states in pertinent part:

> In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

La.R.S. 13:4232(B). "Settlement," as employed in the document confected between the Riches, is known in the Louisiana Civil Code as a "compromise." "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ.Code art. 3071. A compromise precludes subsequent litigation based on the matter that was compromised. La.Civ.Code art. 3080. Comment (b) to article 3080 provides that the preclusive effect of the article is tantamount to that of former article 3078, which provided that a transaction or compromise had the effect of a thing adjudged; therefore, res judicata would attach as though the document were a judgment.

The compromise here was valid. There have been no allegations that any fraud or other vices of consent were present. The compromise met the formal requisite of La.Civ.Code art. 3072. The parties did not lack capacity. La.Civ.Code

6

art. 3073. The compromise had a lawful object, the amicable resolution of a community property partition. La.Civ.Code art. 3074.

The judgment was final. La.Civ.Code art. 3080. The parties are the same, and appear in both actions in the same capacities. The cause of action existed at the time of the compromise: the partition of the former community.

The cause of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first: the termination of the community of acquets and gains between the parties.

Ms. Riche asserts that the issue of the valuation and disposition of the agency was never litigated because it was not specifically referenced in the judgment. She maintains that if there is doubt regarding whether it was an issue in the compromise, that doubt should be resolved in favor of allowing the litigation to proceed. *See Patin v. Patin*, 00-969 (La.App. 1 Cir. 6/22/01), 808 So.2d 673. We agree that when doubt exists over whether her substantive rights have been litigated, those should be resolved in her favor; in the present matter, though, we do not doubt that they were.

Ms. Riche listed the agency in her first detailed descriptive list. The compromise document stated that it was their "desire to settle and liquidate the remainder of the community that formerly existed between them . . . ." The Riches did not reserve any issues for litigation at a later date, as they had in the August 14, 2006 judgment. We find that the issues relating to the agency were determined in the compromise, and that the trial court did not err in maintaining Mr. Riche's exception of res judicata.

We need not address Ms. Riche's second assignment of error. Our decision is in no way influenced by the correspondence between Ms. Riche's first attorney and Mr. Riche's counsel.

## CONCLUSION

The trial court did not err in maintaining the exception of res judicata filed by Mr. Riche. The compromise Final Settlement of Community was valid and final. The parties were the same in the amended partition demand as in the first, and appeared in the same capacities. The cause of action was identical in both actions. Finally, the issue of the valuation of the insurance agency was an issue actually adjudicated in the compromise. The judgment of the trial court maintaining the Exception of Res Judicata is affirmed. All costs of this appeal are taxed to appellant, Faye Thevenot Riche.

**AFFIRMED.**