STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1242 consolidated with 14-1243

STATE OF LOUISIANA

VERSUS

GARREN KEITH JIM

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20132999 C/W 20142235
HONORABLE DAVID H. BLANCHET, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

**Valerie G. Garrett**
**Valerie Gotch Garrett, APLC**
**100 E. Vermilion Street, Suite 212**
**Lafayette, LA 70501**
**(337) 232-1600**
**COUNSEL FOR APPELLANT:**
     **Garren Keith Jim**

**Shane Mouton**
**Assistant District Attorney, Fifteenth Judicial District**
**P. O. Box 2609**
**Lafayette, LA 70502**
**(337) 235-0751**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Dustin B. Gibson**
**1538 W. Pinhook Road, Suite 103**
**Lafayette, LA 70503**
**(337) 501-2418**
**COUNSEL FOR APPELLEES:**
     **M'Kye Ger Paul Francis**
     **McKenzie A'Cyre La'Shae Galentine**

**Fredericka Cardea Jim**
**In Proper Person**
**328 N. Second Street, Apartment 1**
**Hamilton, OH 45011-1680**

**EZELL, Judge.**

The issue presented by this appeal is whether the trial court correctly granted peremptory exceptions of res judicata and prescription resulting in the dismissal of a disavowal action. For the following reasons, we find that the exception of prescription was not properly granted but the exception of res judicata was properly granted.

**FACTS**

The facts are not in dispute. Garren Jim and Fredericka Jim were married May 28, 2005. The parties physically separated in August 2005. On June 13, 2006, Fredericka gave birth to a daughter, McKenzie Galentine. On July 3, 2007, Garren filed a petition for divorce. On August 26, 2007, Fredericka gave birth to a son, M'Kye Francis. A judgment of divorce was signed on April 2, 2008.

In April 2013, the State of Ohio sent a request to the State of Louisiana (State) pursuant to the Uniform Interstate Family Support Act (UIFSA) requesting assistance in the collection of child support from Mr. Jim for the support of the two children. In response the State filed a petition and rule to show cause on June 11, 2013, naming Mr. Jim as a defendant seeking child support for the two children.

The record indicates that a hearing on the rule to set child support was held on September 5, 2013. Mr. Jim was present at this hearing. Mr. Jim was determined to be the legal father of the two children and ordered to provide support in the amount of $333.00 a month in addition to providing medical support. He was also ordered to pay $25.00 a month in arrearages plus an administrative fee. Additionally, Mr. Jim signed the hearing officer's recommendations agreeing to waive his right to appeal the judgment. A judgment was signed on September 30, 2013, incorporating these recommendations.

Subsequently, on April 30, 2014, Mr. Jim filed a petition for disavowal claiming that it was physically impossible for him to be the father of the children. The disavowal proceeding was consolidated with the child support proceeding. In response to the disavowal action, the State filed peremptory exceptions of res judicata and prescription. Exceptions of res judicata and prescription were also filed on behalf of the children. A hearing on the exceptions was held on August 21, 2014. A judgment granting the exceptions of res judicata and prescription was signed on September 15, 2014. Mr. Jim then filed the present appeal.

## EXCEPTION OF PRESCRIPTION

Mr. Jim argues that the trial court erred in granting the State's exception of prescription when the time delays for filing a disavowal action had not lapsed. Louisiana Civil Code Article 189 provides for the time limit for a husband to file disavowal as follows:

> The action for disavowal of paternity is subject to a liberative prescription of one year. This prescription commences to run from the day the husband learns or should have learned of the birth of the child.
>
> Nevertheless, if the husband lived separate and apart from the mother continuously during the three hundred days immediately preceding the birth of the child, this prescription does not commence to run until the husband is notified in writing that a party in interest has asserted that the husband is the father of the child.

There is no dispute that the parties separated in August 2005 with no reconciliation, thereby living separate and apart for 300 days before the first child, as well as the second child, were born. Mr. Jim first received notification that he was alleged to be the father of the children when the petition for child support was filed in June 2013 and served on him. He filed his petition for disavowal in April 2014. There are no allegations that he had knowledge that he was the father of the children before the filing of the petition for child support.

Mr. Jim filed his petition for disavowal within the one-year time period set forth by La.Civ.Code art. 189. *Pociask v. Moseley*, 13-262 (La. 6/28/13), 122 So.3d 533. Since the petition for disavowal was timely filed, the trial court erred in granting the exceptions of prescription.

## EXCEPTION OF RES JUDICATA

Mr. Jim also claims that the trial court erred in granting the exceptions of res judicata. He argues that an action for disavowal is separate and distinct from a child support obligation.

Louisiana Revised Statutes 13:4231 provides for res judicata of an action when:

> (1)The judgment is valid;
> (2)The judgment is final;
> (3) The parties are the same, and appearing in the same capacities;
> (4) The cause of action asserted in the second suit existed at the time of the judgment; and,
> (5) The cause of action asserted in the second suit arose from the same transaction or occurrence that was the subject of the first litigation.

*Riche v. Riche*, 09-1354, pp. 5-6 (La.App. 3 Cir. 4/7/10), 34 So.3d 1004, 1008.

> The essence of the doctrine is that a valid final judgment is conclusive between the parties, and all causes of action arising out of the transaction or occurrence that is the subject of the suit are extinguished and merged into a judgment in favor of the plaintiff . . . [or] defendant as to preclude [a] subsequent action.

*Id.*

In *Johnson v. Hypolite*, 05-598 (La.App. 3 Cir. 12/30/05), 918 So.2d 1121, this court addressed the issue of whether res judicata barred a father's action to disavow paternity when a default judgment for support had been confirmed decreeing the father as the biological father of the child. As in this case, paternity testing excluded the father as the biological father of the child. Relying on this

3

court's decision in *State, Department of Social Services, Office of Family Support v. Coleman*, 616 So.2d 844 (La.App. 3 Cir. 1993), this court concluded that the requisite elements of res judicata were met and the judgment of paternity in the previous support proceeding barred the disavowal action.

This case presents the same issue. Furthermore, Mr. Jim appeared at the hearing which determined paternity and set child support. He signed the hearing officer recommendations and waived his right to appeal. Judgment was signed on September 30, 2013, incorporating the hearing officer's recommendations and indicating that Mr. Jim waived his right to appeal the decision. Mr. Jim's present action for disavowal is barred by the doctrine of res judicata as a result of this judgment of paternity ordering child support. The trial court properly granted the exceptions of res judicata.

For the above reasons, the judgment of the trial court granting the exceptions of prescription is reversed. The judgment of the trial court granting the exceptions of res judicata is affirmed. Costs of this appeal are assessed to Garren Jim.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**