LOLLEY, J.
| ¶Both Russell G. Poole and Dana Poole appeal a judgment rendered by the Fourth Judicial District Court, Ouachita Parish, Louisiana, which purports to determine custody of their two minor children. For the following reasons, the appeal is dismissed.
Facts
Dana and Russell Poole were married.on December 15, 1984, in LaSalle Parish, Louisiana. Subsequently, the parties established their matrimonial domicile in Ouachita Parish, Louisiana, where it remained until their divorce. During the course of their marriage, the couple had three children.
In April 2002 Russell filed his petition for divorce — at the time the couple’s children were 16, 5, and 2. The couple filed a joint custody plan for the children in June 2002 and, among other things, decided they would share joint custody and Dana would be the domiciliary parent of the children. Russell was granted specific and frequent visitation with the children. Subsequently, the trial court entered judgment implementing the joint custody plan. In October 2002 Russell was granted a divorce.
Following the divorce and over the next year, the parties filed various rules for contempt, and in December 2003 Russell sought to modify the custody of the children based on an alleged “material change of circumstances since the original stipulated custody decree.... ” A hearing was set for March. 2004; however, the parties filed other motions raising additional issues, and the hearing was not ultimately held until May 2005. After a trial in which the trial court considered testimony of the witnesses, a | judgment was entered on July 22, 2005, modifying the previous custody judgment and awarding the parties shared physical custody of the two minor children — each party would have the children on alternating weeks.
Four months later, in November 2005, Russell moved for sole custody of the two minor children. Russell also sought in-junctive relief under the Post Separation Family Relief Violence Act, alleging Dana’s physical and emotional abuse of the children. The trial court issued a temporary restraining order and suspended the enforcement of the prior custody decree. Russell was granted temporary sole custody of the children, and Dana was restrained from contacting or communicating with Russell, his new spouse, and/or the children. A hearing was set for December 15, 2005, and early in December Dana filed a Petition for Protection from Abuse on the behalf of herself and the children. The December 15 hearing was continued several times, the temporary orders remained in effect, and Dana was not able to see the children. Ultimately, she agreed to supervised visitation until a hearing could be held.
*384 In March 2006 Dana sought the appointment of a psychologist to perform psychological tests on the children, which Russell opposed. Russell requested the court to order Dana to undergo a full psychiatric evaluation. Russell also filed a supplemental rule seeking the termination of Dana’s supervised visitation, claiming that she continued to violate the terms of the supervised visitation.
On May 8, 2006, a hearing was conducted. Afterwards, the trial court entered a judgment on May 31, 2006, appointing Russell “interim 13domiciliary parent” pending further orders of the court (the “May 2006 judgment”). Dana was allowed supervised visitation with the children, with the order not to discuss the litigation, custody or visitation issues in the presence of or with the children. Furthermore, Dana was ordered to receive psychiatric counseling and evaluation.
In June 2006 Russell filed another motion to suspend Dana’s supervised visitation, alleging she was in contempt of the trial court’s May 2006 judgment. He did not request a modification in his status as interim domiciliary parent. An order issued from the trial court directing Dana to appear and show why her supervised visitation should not be suspended and she not be held in contempt of court. On July 14 a hearing was held on Russell’s motion, at which hearing the only testimony was from Dr. E.H. Baker, a court ordered psychologist in the case and Russell’s witness. There was no argument on behalf of either party, and Dana did not have an opportunity to call any witnesses. Following this hearing, the trial court entered another judgment on July 21, 2006 (the “July 2006 judgment”), wherein it amended the May 2006 judgment and named Russell the permanent domiciliary parent. Dana was allowed unsupervised visitation with the children, based on the testimony of Dr. Baker. Additionally, the judgment ordered that neither party could seek modification of the custody or visitation issue for one year from July 14. All other orders of the May 2006 judgment were maintained. Both parties have now appealed the July 2006 judgment.
| 4Discussion
Both parties raise several assignments of error on appeal. However, it is evident from the judgment appealed from, as well as the record before us, that the judgment was not a final judgment, but an interlocutory judgment not subject to appeal.
An appeal can be dismissed because there is no right to appeal. La. C.C.P. art. 2162. According to La. C.C.P. art 2082, appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. Recently, La. C.C.P. art. 2083 C was amended and states that “an interlocutory judgment is appealable only when expressly provided by law.” Interim custody orders are interlocutory judgments and are not appealable as a result of an express provision of law. See Trettin v. Trettin, 37,260 (La.App.2d Cir.03/17/03), 839 So.2d 1272. Comment (a) to article 2083 states that whether an interlocutory judgment is subject to appellate review is considered under the appellate court’s supervisory authority as set forth in La. C.C.P. art. 2201 (governing supervisory writs) and the Uniform Rules, Courts of Appeal. Comment (b) elaborates, stating that:
The prior cases recognizing a right to appeal interlocutory judgments based on the irreparable injury standard set forth in the previous version of Article 2083(A) are no longer valid. However, *385 the change is not intended to create any new substantive grounds to be applied by the appellate courts in screening writ applications. Irreparable injury continues to be an important (but not exclusive) ingredient in an application for supervisory writs.
| fjThe July 2006 judgment, the judgment that both Russell and Dana appeal from, orders that:
... the [May 2006 judgment] is amended in the following regards:
A. Russell G. Poole is declared the permanent domiciliary parent of the minor children ...; and
B. The requirement that Dana M. Poole shall have only supervised visitation with the minor children ... is vacated.
It is further ordered, adjudged and decreed that in all other regards the [May 2006 judgment] remains in full force and effect.
It is further ordered, adjudged and decreed that neither party shall seek a review or modification of this order for a period of not less than one year from July 14, 2006.
One of the orders of the May 2006 judgment to remain “in full force and effect” was that Dana’s visitation was subject to and conditioned upon her receiving psychiatric evaluation and counseling. Additionally, she was ordered to “conduct herself appropriately at all times during her periods of visitation” and “not talk, nor dismiss, nor allowed to be discussed in the presence of the children any ‘adult’ matters such as this litigation, visitation, domiciliary arrangements, or any other issues existing between the parties.” (Emphasis original).
Here, although the July 2006 judgment appealed from does not specifically indicate it as such, considering the orders contained therein, we view it to be an interim custody order interlocutory in nature. Notably, the July 2006 judgment contained certain orders that the custody order was contingent on — those being that Dana conduct herself “appropriately” (which | fithe trial court basically defined) and she receive psychiatric evaluation and counseling. Obviously, a final determination of custody awaited a period of time wherein Dana complied (or did not comply) with the terms of this interim judgment. The trial court, although not saying so explicitly, gave Dana one year to comply with the judgment (i.e. the trial court’s instruction that the parties could not request trial court modification of the order for a year from July 14, 2006).
Further indication that the July 2006 judgment was interlocutory and not final was the absence of a full trial on the merits. Notably, the judgment resulted from Russell’s motion to suspend Dana’s visitation and hold her in contempt. It was not presented so as to modify the interim custody order set forth in the May 2006 judgment. Thus, Dana was not given any opportunity to present evidence on the issue of custody. Clearly a full trial on the issue of final custody of the children was not conducted by the trial court, which would obviously be a necessary procedural antecedent to a true final judgment.
This court has previously addressed the precise issue of the appealability of an interim custody order in Trettin, supra. There, we concluded that the interim custody order that was appealed from was an interlocutory ruling not subject to review because “... jurisprudence holds that such provisional custody award, which is made pending the full trial on the merits, does not cause irreparable injury.” Id. at 1276.
Moreover, we determine that the July 2006 judgment is not subject to appellate review, because we cannot conclude that *386 either party would suffer 17either actual or procedural irreparable injury from the trial court’s interim custody order. Notably, Dr. Baker stated that if Dana did not discuss the custody arrangement with the children, which the judgment orders her not to do, he did not believe the children to be in danger. Furthermore, Dana cannot complain of irreparable injury because she has received greater visitation rights, i.e., unsupervised visitation with the children, than she did from the May 2006 judgment, which she had stipulated to. Likewise, Russell, who was named the domiciliary parent of the children has shown no irreparable injury. Procedurally, the parties can still petition the trial court at any time if warranted by the facts and situation and seek a full custody trial of the matter, wherein each can present evidence to the trial court for a final consideration of the issue. As we stated in Trettin, “the parties directed the trial court down the path to such a ruling by their failure to utilize the [previous court hearing] for a complete hearing on the merits of each parent’s right to custody.” Id. at 1276. So is the case here, and we note the trial court itself allowed such a path to be followed. Finding that no irreparable injury lies from this interlocutory judgment, we conclude that it is not appealable, and the appeal should be dismissed.
Finally, our conclusion herein pretermits any discussion of the assignments of error raised by the parties in their respective appeals.[1]
| sConclusion
Thus, the July 2006 judgment, appealed by both Russell Poole and Dana Poole and which is an interlocutory judgment, is not an appealable judgment under La. C.C.P. art. 2083. The appeal is hereby dismissed, and costs are assessed equally to each party.
APPEAL DISMISSED.

. Although we are dismissing this appeal and not considering the assignments of error, we note that both parties argue that the trial court erred in prohibiting either party from seeking "a review or modification of this order for a period of not less than one year from July 14, 2006.” If we were to consider this matter on appeal, we would agree that this order was in error, because it denies the parties the access to the court assured to them by La. Const. Art. I, § 22. Furthermore, the jurisprudence regarding modification of custody orders safeguards the possibility of frivolous motions.