DANIEL L. DYSART, Judge.
|! Catherine Fletchinger (Catherine) appeals a judgment of the trial court wherein two Motions for New Trial were denied. These motions were filed in response to judgments previously granted by the trial court concerning the partition of community property owned by Catherine and her ex-husband, Daryl Fletchinger (Daryl). The two main issues on appeal are the allocation of the proceeds of an investment account, which Ms. Fletchinger argues were omitted from the partition, and Oriental rugs she claims were never partitioned. For the following reasons, we affirm in part, reverse in part, and render, with an order.
PROCEDURAL HISTORY:
On December 7, 2007, the trial court signed a Consent Judgment whereby the parties thereto agreed to the partition of the community of acquets and gains formerly existing between them. The parties agreed that the judgment was a “global settlement of all claims arising of and from their former community.”
The Consent Judgment also ordered that the “division of all tangible, movable property, excluding cash and by way of example, art, furniture, rugs, and 12collectibles, shall be sent to binding arbitration by Frank Tranchina, Esq.” The Consent Judgment provided that the arbitrator shall allocate 45% of the movable property Daryl and 55% of the movable property to Catherine. The Judgment further stated that the allocation would be binding and non-appealable.
On January 30, 2008, the arbitrator filed his opinion, outlining in great detail the awards to each party. After explaining how the inspections of the various properties were conducted, the arbitrator submitted various schedules detailing the allocation of community movables. Schedule “D” lists property the parties agreed was community property and which was to be divided by drawing. According to the opinion, each item to be divided was issued a number, each number was to be placed in a container, and the parties were to pick from the container. To provide for the 55%/45% division of assets ordered by the trial court, Catherine was to pick the first two numbers, and the parties would thereafter alternate picks.
On September 25, 2008, Catherine filed a rule alleging that Daryl had not produced the subject rugs for allotment as provided for in the arbitrator’s opinion. She asked the trial court to order him to do so.
On January 6, 2009, Catherine filed a Petition for Supplemental Partition of Community Property and for an Account *405 ing, and a Motion to Confirm Award of Arbitrator. Daryl answered by filing a Motion to Modify or Correct Arbitration Award, to which Catherine filed an opposition. These motions were originally set for February 2, 2009, but were continued by the court until April 8.
| ¡¡Prior to the April 8 hearing, Daryl filed Peremptory Exceptions of Res Judicata, No Cause of Action and No Right of Action to Catherine’s requests for a supplemental partition and accounting. Daryl also sought sanctions, attorneys’ fees and costs.
On April 30, 2009, the trial court rendered a judgment, whereby it made the following rulings pertinent to this appeal: 1) Catherine’s rule seeking an order for Mr. Fletchinger to produce the Oriental rugs for allocation as determined by the arbitrator was denied; 2) the awards of the arbitrator were confirmed; 3) Daryl’s Motion to Modify or Correct the Award of the Arbitrator was denied; and, 4) Daryl’s Peremptory Exceptions of Res Judicata, No Cause of Action and No Right of Action were granted.
Catherine subsequently filed motions for new trial which were denied by the trial court. This appeal followed.
ASSIGNMENTS OF ERROR:
Catherine raises eight assignments of error; however, these assignments are readily addressed collectively. The first three assignments of error concern the trial court’s grant of Daryl’s exception of res judicata as it applies to the community-owned investment account. The fourth assignment of error argues that the trial court erred in granting Daryl’s exception of res judicata as it applies to community-owned wrought iron and wooden furniture. The fifth assignment of error is that the trial court erred in granting Daryl’s exceptions of no cause of action and no right of action. The last three assignments of error challenge the trial 14court’s factual finding that certain Oriental rugs were the property of Plush Appeal, LLC, a community-owned business allocated to Daryl.
LAW AND ANALYSIS:
Standard of Review:
Louisiana Revised Statute 13:4231 explains the applicability of the doctrine of res judicata:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct. Ins. Co. of North America v. Louisiana Power & Light, 08-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267; Sutter v. Dane Investments, Inc., 07-1268, p. 3 (La.App. 4 Cir. *406 6/4/08), 985 So.2d 1263, 1265. Louisiana courts recognize that “a final judgment has the authority of res judicata only as to those issues presented in the pleading and conclusively adjudicated by the court.” Ins. Co. of North America, 08-1815 at p. 6, 10 So.3d at 268. Moreover, the doctrine of res judicata is stricti juris and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application. Id. at 08-1315, p. 7, 10 So.3d at 268.
Louisiana Revised Statute 13:4232 further provides for exceptions to the general rule of res judicata. It states in part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
[[Image here]]
B. In an action ... for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.
In the case before us, we are dealing with a consent judgment, an arbitrator’s award and the trial court’s confirmation of that award.
A. Investment Account
In response to Catherine’s Petition for Supplemental Partition, Daryl filed an exception of res judicata, arguing that the Consent Judgment entered into by the parties on December 7, 2007, constituted a final judgment allocating all former community property between the parties. Daryl also raised an exception of no cause or right of action to seek further partitioning or an accounting.
The December 7, 2007 Consent Judgment was entered into after hours of wrangling between the parties, their counsel and the trial court. The terms of the judgment are clear and unambiguous insofar as bank accounts, brokerage accounts, ¿retirement accounts, profit sharing accounts, investment accounts and cash. The accounts allocated had been listed on several versions of detailed descriptive lists submitted by each party. In several sections of the judgment, the parties agreed that there would be no further accounting of any sums or accounts, either from the community partitioned or from the other party unless specifically stated in the judgment. The parties also waived any claim for reimbursement and/or accounting of any community funds or assets. The judgment included language that “the parties have individually verified and confirmed account balances and have independently reviewed checking and savings account records and investment records ...”
Catherine submitted four separate descriptive lists of assets and liabilities. Each of these lists included the account she now argues was never allocated. She claims that only accounts with either her name or Daryl’s were allocated, but not this account which contained both of their names. Initially, we note that Catherine did not indicate the named owners of any of the bank accounts on any of the descriptive lists. The judgment clearly allocates some of the listed accounts to her, some to Daryl, and, most importantly, orders Daryl to make an equalizing payment of $1.5 million to her. Indeed, the judgment specifically states “[b]oth parties acknowledge that any and all reimbursement claims that he or she may have against the other have been satisfied by the equalization of the assets allocated and liabilities assumed herein.”
We find no merit to Catherine’s argument as to the investment account.
*407 |7B. Wrought Iron and Wooden Furniture
Next Catherine argues that certain pieces of community-owned furniture were not allocated in the arbitrator’s opinion, and thus it was error for the trial court to maintain Daryl’s exception of res judicata as to these items. It is impossible to ascertain from this record exactly what items of furniture Catherine argues were left out of the arbitrator’s award. Our review does reveal that the list used by the arbitrator to prepare his award was a list submitted by Catherine. Further, the arbitrator’s award notes that both parties went to the various locations of the community property items and witnessed the inventory prepared by the arbitrator. The award explains that following the inventory, the parties met and, following along on the list prepared by Catherine, stipulated to the classification and allocation of the movables.
On January 6, 2009, Catherine filed a motion to confirm the arbitrator’s award, which motion was granted by the trial court in the April 30, 2009 judgment. Accordingly, we find that Catherine had ample opportunity to identify and have these items allocated and by virtue of her motion to confirm the arbitrator’s award, cannot argue now that the arbitrator’s award was deficient.
C. Exceptions of No Cause of Action and No Right of Action
Because we find the trial court did not err in granting Daryl’s Exception of Res Judicata, this assignment of error is moot.
| SD. Oriental Rugs
In ruling on the issue of the ownership of the Oriental rugs, we consider Louisiana Code of Civil Procedure art. 2164, which provides in part: “An appellate court shall render any judgment which is just, legal, and proper upon the record on appeal.” Further, we look to the provisions of La. R.S. 13:4232, listing the exceptions to the doctrine of res judi-cata[1]. Because we find a conflict between the language contained in the consent judgment, the arbitrator’s award, the trial court’s confirmation of the arbitrator’s award, and the trial court’s ruling on April 30, 2009, we will review the issue of allocation of the community-owned Oriental rugs.
The Consent Judgment, executed on December 7, 2007, states that Daryl shall receive all interest in Plush Appeal, L.L.C. It is clear from the various descriptive lists filed by the parties that Plush Appeal was a community asset. However, also contained in the Consent Judgment is a paragraph that reads in part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the division of all tangible, movable property, excluding cash and by way of example art, furniture, rugs, and collectibles, shall be sent to binding arbitration with Frank Tranchina, Esq.
The plain language of this provision indicates that the trial court and the parties, by way of consent, intended that all movable property except community cash, be distributed through the arbitration process. The decisions on the allocation of property were binding and non-appealable.
IflOn January 30, 2008, the arbitrator filed his opinion, and with regard to the Oriental rugs, determined that the rugs would be allocated by lot. He would number each rug, place the numbers in a basket, and the parties would pick. This system for distribution of the rugs was *408 confirmed by the trial court in its April 30, 2009 judgment.
Accordingly, we find the trial court erred by ruling in the same April 30, 2009 judgment, that the Oriental rugs were part and parcel of Plush Appeal, L.L.C., which was awarded to Daryl. The rugs were listed as assets distinct from Plush Appeal, some were at the former family home and some were on the premises of Plush Appeal. It is clear from the confirmed arbitrator’s award that they were never considered to be an asset of Plush Appeal to be awarded to Daryl.
Therefore, we find that Catherine’s motion for new trial regarding this issue should have been granted. This ruling effectively reverses the April 30, 2009 judgment insofar as it grants Daryl’s exception of res judicata with regard to the Oriental rugs. Accordingly, we order Daryl to produce the subject rugs within thirty (30) days of this opinion, to be allocated by lot as per the arbitrator’s confirmed award.
CONCLUSION:
Thus, for the reasons set forth above, we affirm the trial court’s denial of Catherine’s motion for new trial pertaining to the joint investment account and the furniture; grant her motion for new trial pertaining to the Oriental rugs; and, order | mDaryl to produce the subject rugs within thirty (30) days of this opinion, to be allocated by lot as per the arbitrator’s confirmed award.
AFFIRMED IN PART, REVERSED IN PART; AND RENDERED, WITH ORDER

. See La. R.S. 13:4232 B, cited infra at p. 5.