Judge Joy Cossich Lobrano
| Relator, Jan Frankowski seeks review of the district court’s October 31, 2016 *37 ruling granting exceptions of res judicata, no cause of action, and vagueness filed by Respondent, Courtney Bell Frankowski. Courtney Bell Frankowski filed these exceptions in response to a motion filed by Jan Frankowski which sought to reduce the amount of interim child support and interim spousal support he was paying under an interim consent judgment (the “Interim Judgment”) entered into on March 2, 2016.
The standard of review of an exception of res judicata requires an appellate court to determine if the district court’s decision is legally correct. Fletchinger v. Fletchinger, 2010-474, p. 4 (La. App. 4 Cir. 1/19/11), 56 So.3d 403, 405. In Louisiana, the doctrine of res judicata is stricti juris; any doubt regarding the application of the doctrine must be resolved against its application. Id., 2010-474 at p. 5, 56 So.3d at 406. The Interim Judgment is not a final judgment; thus, res judicata does not preclude a modification of it. See, e.g., Poole v. Poole, 41,960, p. 4 (La.App. 2 Cir. 1/24/07), 948 So.2d 382, 384 (stating, “Interim custody orders are interlocutory judgments and are not appealable as a result of an express ^provision of law.”). Because the Interim Judgment is subject to modification, we reverse the district court’s judgment granting the exception of res judicata.
An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Industrial Cos., Inc. v. Durbin, 2002-0665, p. 7 (La. 1/28/03), 837 So.2d 1207, 1213. Because exceptions of no cause of action present legal questions, they are reviewed using the de novo standard of review. O’Dwyer v. Edwards, 2008-1492, p. 3 (La. App. 4 Cir. 6/10/09), 15 So.3d 308, 310 (internal citations omitted). Because Jan Frankowski has sufficiently pled a change in circumstances such that he may be able to prove that he is entitled to relief,[1] we find that the district court erred by granting this exception. We thus reverse the district court’s judgment granting the exception of no cause of action.
Lastly, the purpose of the dilatory exception of vagueness is to allow a defendant to be placed on notice of the cause of action and prevent its future re-litigation after a judgment is obtained. Joseph v. Wasserman, 2016-0528 (La.App. 4 Cir. 12/7/16), 206 So.3d 970, 973 (citing Smart v. Gold, Weems, Bruser, Sues and Rundell, 2006-1414, p. 5 (La.App. 3 Cir. 4/4/07), 955 So.2d 263, 267). The exception, however, does not permit the defendant to demand exactitude and detail beyond what is necessary for the above purposes. Joseph, 2016-0528 (La.App. 4 Cir. 12/7/16), 206 So.3d 970, 973-74 (citing Smart, at p. 5, 955 So.2d at 267). Because the district court’s judgment on an exception of vagueness is based on a factual determination, an appellate court previews the district court’s judgment under the manifest error standard of review. Wood v. Wood, 14-405 p. 9 (La.App. 5 Cir. 11/25/14), 165 So.3d 181, 187. In the case sub judice, Jan Fran-kowski sufficiently pled a change in circumstances; thus the district court manifestly erred in determining that his motion was vague. As a result, we reverse the district court’s judgment granting the exception of vagueness.
*38 WRIT GRANTED; JUDGMENT REVERSED.
BELSOME, J., DISSENTS

. See La. C.C. art. 114 (stating, "An award of periodic spousal support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary....”); La. C.C.P. art. 142 (stating, "An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary.”).