# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-734

**YVONNE RENEA BOUTTE**

**VERSUS**

**KEVIN LEE BOUTTE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2010-1241-B
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, D. Kent Savoie, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**David Cleveland Hesser**
**Attorney at Law**
**2820 Jackson St.**
**Alexandria, LA 71301**
**(318) 542-4102**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Kevin Lee Boutte**

**Frederic Courtney Fondren**
**Mayhall, Fondren, Blaize**
**5800 One Perkins Place Dr., 2B**
**Baton Rouge, LA 70808**
**(225) 810-4998**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Yvonne Renea Boutte**

**Charles Gary Blaize**
**Mayhall, Fondren, Blaize**
**5800 One Perkins Place Dr., 2B**
**Baton Rouge, LA 70808**
**(225) 810-4998**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Yvonne Renea Boutte**

**George O. Luce**
**Mayhall, Fondren, Blaize**
**5800 One Perkins Place Drive**
**Baton Rouge, LA 70808**
**(225) 810-4998**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Yvonne Renea Boutte**

**SAVOIE, Judge.**

Appellant Kevin Lee Boutte appeals the judgment of the trial court, granting Appellee Yvonne Renea Boutte's Exception of Res Judicata and dismissing his petition. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Kevin Boutte and Yvonne Boutte were married on July 13, 1991. Kevin served in the United States Army for over twenty years until November 1, 2009, when he retired with an Honorable Discharge. Yvonne filed for divorce in December 2010. On January 19, 2012, the parties agreed to a consent judgment, dividing Kevin's military retirement using language in compliance with the Uniformed Former Spouses Act.[1]

On November 1, 2013, the United States Army awarded Kevin Combat Related Special Compensation Disability (CRSCD) due to his Post-Traumatic Stress Disorder (PTSD), Mood Disorder, Cognitive Disorder and Tinnitus. This benefit was paid to Kevin instead of his retirement benefits. Yvonne received a letter from the Department of Finance and Accounting Service (DFAS), the payor of Kevin's retirement benefits, on February 19, 2014, informing her that her portion of Kevin's retirement payments were terminated because Kevin was no longer receiving retirement benefits.

Yvonne filed a Rule for Contempt and/or Rule for Allocation of Assets Pursuant to [La.]R.S. 9:2801.1. On the morning of the May 22, 2014 hearing, Kevin filed an Exception of No Cause of Action and No Right of Action asserting that the disability payments were his separate property and were not divisible. On that date, Kevin withdrew his exceptions, and the parties agreed to a stipulated

---

[1] 10 U.S.C. §1408

Consent Judgment, which was signed on June 6, 2014. The 2014 consent judgment provides the following:

> IT IS ORDERED, ADJUDGED, DECREED AND STIPULATED that the defendant, Kevin Lee Boutte is in contempt of court.
>
> IT IS ORDERED, ADJUDGED, DECREED AND STIPULATED that the parties agree that the defendant, Kevin Lee Boutte, shall resume payment to the plaintiff, Yvonne Renea Boutte of her forty-three percent (43%) interest in the defendant's military retirement pay and/or benefit including cost of living expenses as ordered by the Consent Judgment and Voluntary Partition Agreement dated January 19, 2012.

Kevin continued to pay Yvonne forty-three percent (43%) of his CRSCD benefits for several years. In 2018, Kevin filed a Petition for Declaratory Judgment, Alternative Petition to Annul Judgment, Alternative Petition to Modify MDRO. In response, Yvonne filed an Exception of Res Judicata, No Cause of Action and No Right of Action and in the Alternative Petition for Specific Performance and Injunctive Relief. The trial court ruled in favor of Yvonne, granting the Exception of Res Judicata and dismissing Kevin's petition. Kevin now appeals.

**LAW AND ANALYSIS**

I. *Standard of Review*

> "The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct." *Fletchinger v. Fletchinger,* 10-0474, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 403, 405. "[T]he doctrine of *res judicata* is *stricti juris* and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application." *Id.,* at 406.

*McCalmont v. McCalmont*, 19-738, p. 6 (La.App. 3 Cir. 4/29/20), ___So.3d___, ___.

*II.   Res Judicata*

The only issue presented to this court is whether the trial court erred in finding that res judicata applied to a consent judgment in a family law case. The doctrine of res judicata is found in La.R.S. 13:4231, which states:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Kevin argues that a consent judgment was ordered without an adjudication of the issues, therefore, res judicata does not apply. For this proposition, he cites La.R.S. 13:4232, which lists the res judicata exceptions, stating:

> A. A judgment does not bar another action by the plaintiff:
>
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
>
> (2) When the judgment dismissed the first action without prejudice; or,
>
> (3) When the judgment reserved the right of the plaintiff to bring another action.
>
> B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under

3

R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

It is Kevin's contention that this case falls under the exception found in Part (B) regarding "an action for partition of community property and settlement of claims between spouses under R.S. 9:2801." In that instance, "the judgment has the effect of res judicata only as to causes of action actually adjudicated." *Id.*

In the present case, while a hearing was set for May 22, 2014, it did not take place. Rather, the parties appeared and entered a consent judgment on the record. The minutes show:

> This matter is fixed this date for hearing. The petitioner is present with counsel Mr. Seastrunk. The defendant is present with counsel Beth Carr. An agreement has been reached between the parties and a stipulation is entered in the record concerning the issues before the Court. Judgement is rendered in accordance with the stipulation of the parties and will be signed when presented as to form. The Court takes notice that the petitioner has received an envelope with a stated cash payment of $1100.00. Mr. Seastrunk will prepare the judgment. Counsel for the defendant withdraws Exception of No Case of Action and No Right of Action, filed today.

In order for the exception to apply, we must first determine whether the May 22, 2014 hearing concerned "an action for partition of community property and settlement of claims between spouses under R.S. 9:2801." Set for hearing was Yvonne's Rule for Contempt and/or Rule for Allocation of Assets Pursuant to [La.]R.S. 9:2801.1. Louisiana Revised Statutes 9:2801.1 is entitled "Community Property; allocation and assignment of ownership" and states:

> When federal law or the provisions of a statutory pension or retirement plan, state or federal, preempt or preclude community classification of property that would have been classified as community property under the principles of the Civil Code, the spouse of the person entitled to such property shall be allocated or assigned the ownership of community property equal in value to such property prior to the division of the rest of the community property. Nevertheless, if such property consists of a spouse's right to receive social security benefits or the benefits themselves, then the court in its

4

discretion may allocate or assign other community property equal in value to the other spouse.

Kevin's failure to pay Yvonne's portion of his military retirement payment was before the trial court on May 22, 2014. Yvonne requested that Kevin be ordered to pay but, in the alternative, she requested the trial court "allocate or assign the ownership of other property of equal value pursuant to R.S. 9:2801.1." As such, we find that the action before the court on May 22, 2014, which resulted in the consent judgment at issue was "an action for partition of community property and settlement of claims between spouses under R.S. 9:2801." La.R.S. 13:4232(B).

Next, we must decide whether the "action [was] actually adjudicated." *Id.* Kevin argues that the case was not "actually adjudicated" because the 2014 Consent Judgment is silent as to CRSCD benefits. We disagree.

A review of the record shows that Yvonne filed a Rule for Contempt and/or Rule for Allocation of Assets Pursuant to [La.]R.S. 9:2801.1 on April 9, 2014. In the rule, Yvonne alleged that Kevin breached the 2012 Consent Judgment by "willfully interfering and failing to pay mover her percentage share of his military retirement and by wrongfully taking possession and converting her monies for his own use." In response, Kevin filed Exceptions of No Cause of Action and No Right of Action. He argued that his retirement pay was transferred to CRSCD and there had been recent caselaw stating that CRSCD was not subject to division of community property.

A hearing was to be held on these issues on May 22, 2014. Discussions were held off the record. When the case was called, Kevin withdrew his exceptions and the parties entered into the 2014 Consent Judgment. In the

5

judgment, Kevin stipulated (or agreed) that he was in contempt of court and agreed to resume payment to Yvonne "her forty-three percent (43%) interest in the defendant's military retirement pay and/or benefit[.]" He also agreed to pay arrearages.

Kevin complains that the judgment does not specifically state he was to pay Yvonne CRSCD benefits, rather it states he would pay her from his "military retirement pay and/or benefit." We find that the judgment is referring to CRSCD benefits when it states "and/or benefit." On November 1, 2013, the military awarded Kevin CRSCD benefits, converting 100% of his retirement pay into said benefits. On February 19, 2014, Yvonne received a letter from the military's finance office informing her that she would no longer receive her share of Kevin's retirement benefits due to this conversion. In April 2014, Yvonne filed for contempt of court based on the lack of payment and conversion of funds. In response, Kevin filed exceptions explaining that his retirement pay was transferred to CRSCD benefits, therefore, he stopped payment to Yvonne based on recent caselaw. In May 2014, Kevin admitted that he was in contempt of court and agreed to pay Yvonne her share from his "retirement pay and/or benefit." Based on the sequence of events found in the record, the only logical conclusion to be reached is that the benefits referenced in the 2014 Consent Judgment are the CRSCD benefits.

In *Riche v. Riche*, 09-1354 (La.App. 3 Cir. 4/7/10), 34 So.3d 1004, this court dealt with the issue of whether a community property settlement was "actually adjudicated" between the parties. A compromise agreement was reached, partitioning the community property. Thereafter, Ms. Riche filed a supplemental

petition for partition of the community regarding Mr. Riche's business. Mr. Riche filed an exception of res judicata. This court determined that:

> "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." La.Civ.Code art. 3071. A compromise precludes subsequent litigation based on the matter that was compromised. La.Civ.Code art. 3080. Comment (b) to article 3080 provides that the preclusive effect of the article is tantamount to that of former article 3078, which provided that a transaction or compromise had the effect of a thing adjudged; therefore, res judicata would attach as though the document were a judgment.

*Id.* at 1008.

This court found that the compromise was valid. Ms. Riche argued that certain issues regarding Mr. Riche's business were not specifically referenced in the judgment, and, therefore, they were not litigated. This court determined that, while the issues were not specifically addressed, the language in the compromise agreement made it clear that the Riches did not reserve any issues for litigation for a later date. This court upheld the trial court's grant of res judicata.

"A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss." *McDaniel v. McDaniel*, 567 So.2d 748, 750 (La.App. 2 Cir. 1990). The 2014 Consent Judgment adjudicated the issues asserted by Yvonne in the rule for contempt. As such, we find that the action was "actually adjudicated" and that res judicata applies.

Similar to the compromise agreement in *Riche,* Kevin's petition for declaratory judgment attempts to re-litigate the issues that were already decided by the 2014 Consent Judgment. Therefore, we affirm the trial court's grant of res judicata in this case.

7

We note the United States Supreme Court case of *Howell v. Howell*, ___U.S.___, 137 S.Ct. 1400 (2017), wherein it was held that CRSCD benefits are not divisible nor are they part of the community. Kevin argues that this case applies to the case at bar. Had this issue not been litigated previously in this matter, an application of *Howell* would be necessary. However, La.Civ.Code art. 1971 allows parties "to contract for any object that is lawful, possible, and determined or determinable." Unless the object of the contract is restricted by the government because it violates public policy, a party has the freedom to contract for any object. *South East Auto Dealers Rental Ass'n, Inc. v. EZ Rent To Own, Inc.*, 2007-0599 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, *writ denied*, 08-684 (La. 4/18/08), 978 So.2d 355. Kevin agreed in the 2014 Consent Judgment to continue paying Yvonne the agreed upon portion of his retirement pay "and/or benefit." The 2014 Consent Judgment is a legal, binding judgment, and Kevin is barred by res judicata from re-litigating the payments.

## DECREE

The trial court's judgment granting Yvonne Boutte's exception of res judicata is affirmed. Costs of this appeal are assessed to Kevin Boutte.

**AFFIRMED.**