NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-163

JERRY DREGIN & GRETCHEN M. JOHNSON DREGIN

VERSUS

BENJAMIN FRED NUTT, JR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 202010319
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHARON DARVILLE WILSON
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville
Wilson, Judges.

AFFIRMED.

**Gale J. Luquette**
**Jack Derrick Miller**
**(A Professional Corporation)**
**415 North Parkerson Avenue**
**Crowley, LA  70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Benjamin Fred Nutt, Jr.**

**Jerry Dregin**
**154 Martha Lane**
**Crowley, LA 70526**
**IN PROPER PERSON:**
        **Jerry Dregin**

**Gretchen M. Johnson Dregin**
**154 Martha Lane**
**Crowley, LA 70526**
**IN PROPER PERSON:**
        **Gretchen M. Johnson Dregin**

**WILSON, Judge.**

Plaintiffs, Jerry and Gretchen Dregin, appeal the judgment of the district court granting the exceptions filed by the defendant, Benjamin Fred Nutt, Jr., and dismissing their petition to annul a February 19, 2019, judgment. For the following reasons, we affirm the district court's judgment.

## I.

## ISSUES

We must decide:

(1) whether the district court erred when it granted the exceptions and dismissed the Dregin's motion to annul the February 19, 2019, judgment.

## II.

## FACTS AND PROCEDURAL HISTORY

On May 9, 2006, Eric Monceaux conveyed a tract of land designated as Lot 19 to the Dregins via cash sale. On May 20, 2006, a second cash sale between Mr. Monceaux and the Dregins conveyed lots 11, 12, and 13. On August 21, 2006, there was a cash sale between Mr. Monceaux and Kenneth Wade Credeur for lot 14, and on that same date, Mr. Credeur, sold lot 14 to Mr. Nutt. On October 8, 2007, Mr. Monceaux sold to the Dregins a fifty-foot strip on the back of lots 11 through 19 which was recorded on October 15, 2007.

On October 1, 2009, Mr. Nutt filed an action to quiet title in which the Dregins were named as defendants. On December 2, 2009, Mr. Nutt filed a motion for preliminary default and no answer or opposition was filed to the motion. On March 2, 2010, a judgment was entered in favor of Mr. Nutt and against the Dregins declaring the October 8, 2007 sale of the fifty-foot strip by Mr. Monceaux to the

2

Dregins null and void. On March 3, 2010, notice of the signing of judgment was mailed to all parties.

On March 16, 2010, the Dregins filed a motion to quash judgment and amend, and on April 1, 2010, Mrs. Dregin filed a rule/motion to set aside judgment or in the alternative amend deed. On April 23, 2010, Mr. Nutt filed an opposition to the motion to quash judgment and amend arguing that the motions were, in effect, motions for new trial, and were untimely. The motion to quash and amend was scheduled for hearing on May 3, 2010. Several years passed without any further action in the case. On July 14, 2017, Mr. Nutt sold Lot 14 to Scotty and Rachelle Faulk.

On September 10, 2018, the Dregins filed a motion for preliminary injunction. In their petition, the Dregins asserted that: the March 16 and April 1, 2010 motions were still pending; they still owned the back fifty-foot strip of Lot 14; their right of passage in the disputed fifty-foot strip had been denied; and Mr. Nutt arbitrarily and capriciously obtained a judgment against them. The Dregins sought an injunction from all parties encumbering or altering all said properties subject to the lawsuit. In the filings, the Dregins alleged that the March 2, 2010 judgment was obtained through error and/or fraud, and that Mr. Nutt intentionally and fraudulently obtained a judgment against the Dregins.

Following a February 19, 2019 hearing, the district court deemed the Dregin's action abandoned and dismissed their petition. On August 29, 2019, the Dregin's filed a writ application with this circuit. This court determined that supervisory writs were not the appropriate mechanism for seeking appellate review of the judgment, and even if the Dregins had filed a proper motion to appeal, such a

3

motion would have been untimely filed.[1]  The Dregins then applied for writs to the Louisiana Supreme Court which denied their writ application on January 14, 2020.[2]

On April 23, 2020, the Dregins filed a motion for "Annulement for Vices of Substance Peremption of Action" (sic).  Mr. Nutt responded by filing a dilatory exception of vagueness, peremptory exceptions of res judicata and nonjoinder of a party, a declinatory exception of insufficiency of citation and service of process and filed for sanctions against the Dregins.  This matter was heard on September 21, 2020, and the district court granted Mr. Nutt's exceptions and dismissed the Dregin's action.  The judgment was signed November 2, 2020.  The Dregins now appeal that judgment.

III.

**STANDARD OF REVIEW**

The Dregins seek review of the district court's grant of Mr. Nutt's various exceptions, and dismissal of their petition to annul.

> "[T]he purpose of a dilatory exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit." *Se. La. Univ. v. Cook*, 12-21, p. 5 (La.App. 1 Cir. 9/21/12), 104 So.3d 124, 128. Thus, because the trial court's judgment is based on a factual determination, the appellate court reviews the trial court's judgment under the manifest error standard of review. *See Id.*
> *Springer v. Nannie O'Neal Apartments*, 13-570, pp. 2-3 (La.App. 3 Cir.

11/13/13), 125 So.3d 606, 607-08 *writ denied*, 15-058 (La. 6/5/15), 171 So.3d 951.

> "The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct." *Fletchinger v.*

---

[1]*Nutt. v. Monceaux*, 19-163 (La.App. 3 Cir. 10/13/19)
[2] *Nutt v. Monceaux,* 19-1777 (La. 1/14/20), 291 So.3d 684

4

*Fletchinger*, 10-0474, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 403, 405. "[T]he doctrine of *res judicata* is *stricti juris* and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application." *Id.*, at 406.

*McCalmont v. McCalmont*, 19-738, p. 6 (La.App. 3 Cir. 4/29/20), 297 So.3d 1057, 1063. "On appeal from the grant or denial of a peremptory exception based on the non-joinder of a party needed for just adjudication, the appellate court "review[s] the findings of the trial court in accordance with the 'abuse of discretion' standard of review." *Foster v. City of Leesville*, 17-1106, p. 6 (La.App. 3 Cir. 6/13/18), 250 So.3d 302, 307 (quoting *Rayford v. Nat'l R.R. Passenger Corp.*, 05-1273, p. 7 (La.App. 4 Cir. 4/13/07), 962 So.2d 5, 9, *writ denied*, 07-1021 (La. 8/31/07), 962 So.2d 439.) However, the decision on a declinatory exception of insufficiency of citation and service of process is reviewed under the manifest error standard. *In re Prof'l Liab. Claim of Snavely (D)*, 15-207 (La.App. 3 Cir. 11/4/15), 178 So.3d 614.

"In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court's conclusions were reasonable." *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 6 (La. 10/16/01), 800 So.2d 762, 766.

With regard to the standard of appellate review of a trial court's judgment in a vice of substance matter, the supreme court, in *Power Marketing Direct, Inc. v. Foster*, 05-2023, p. 11 (La.9/6/06), 938 So.2d 662, 670, stated that "trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer."

*Buster's Frozen Custard, LLC v. Lancaster Mfg., Inc.*, 15-947, pp.15-16 (La.App. 3 Cir. 4/27/16), 190 So.3d 1239, 1250.

5

IV.

## **LAW AND DISCUSSION**

In this appeal, the Dregins seek review of the district court's November 2, 2020 judgment granting the exceptions of Mr. Nutt and dismissing their petition to annul the February 19, 2019 judgment. The district court determined that the case had already been litigated and granted Mr. Nutt's exceptions.

During the hearing, Mr. Nutt first argued that this matter was perempted. The Dregins were seeking to have the judgment nullified based on fraud. Louisiana Code of Criminal Procedure Article 2004 provides that, "[a] final judgment obtained by fraud or ill practices may be annulled [,]" and [a]n action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices. Thus, in order to have the 2019 judgment declared a nullity, the Dregins had to show that the action was brought within one year of the discovery of fraud.

In both their 2018 motion for preliminary injunction, and the 2010 rule/motion to set aside judgment or in the alternative amend deed, the Dregins alleged that the Nutts intentionally and fraudulently obtained a judgment against them. At the hearing on this matter, Mr. Dregin testified that the petition for annulment was based upon fraud or ill practice, and that it was the same fraud or ill practice that was alleged in their 2010 and 2018 petitions. Thus, the alleged fraud was discovered by the Dregins well over a year before the date the action for nullity was brought. Accordingly, the action to annul is perempted under La.Code Crim.P. art. 2004(B). We find that the district court's conclusion regarding the nullity was reasonable.

6

In finding that the Dregin's action was perempted, and that the issues had already been litigated, the district court did not commit legal error in granting Mr. Nutt's exception of res judicata. Louisiana Revised Statutes 13:4231 provides,

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Dregins sought only to discuss allegations of fraud which had already been addressed in prior proceedings. Thus, this action was res judicata.

Regarding the peremptory exception of nonjoinder of a party, La Code Civ.P. art. 641 provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence complete relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> > (a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

The record reveals that Mr. Nutt sold Lot 14, the property subject to the dispute, to Scotty and Rachelle Faulk. As such, their position as property owners of the disputed property makes them indispensable parties and adjudication in their absence may impair or impede their ability to protect that interest. The district court did not abuse its discretion in granting the exception of nonjoinder.

In connection to the exception for nonjoinder, since the Faulks are indispensable parties who have not been added and therefore, not served, the service in this case is insufficient. The district court did not commit manifest error in granting the exception of insufficiency of citation and service of process. Nor, after reviewing the petition, do we find that the district court committed manifest error in granting the exception of vagueness. In the petition, the Dregins state "plaintiffs pray that there be judgment made in favor of the plaintiff against the defendant," however nowhere in the petition is there a request for relief. Instead, the petition consists of alleged wrong doings committed against the Dregins which are conclusory and make no specific allegations. The district was not clearly wrong in finding the petition vague.

V.

**CONCLUSION**

For the foregoing reasons, we find that the trial court did not abuse its discretion or commit error in granting the exceptions filed by Mr. Nutt and dismissing the action of the Dregins seeking to annul the judgment in the February 19, 2019, judgment. Accordingly, we affirm the ruling of the district court granting

8

the exceptions and dismissing the action.  Costs of this appeal are assessed to the appellants, Jerry and Gretchen Dregin.

**AFFIRMED.**

9